IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TYNDALE HOUSE PUBLISHERS, INC., and MARK D. TAYLOR,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>KATHLEEN SEBELIUS, Secretary of the U.S. Department of Health and Human Services, et al.,<br><br>Defendants-Appellants. | No. 13-5018 |

**PLAITIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' MOTION FOR VOLUNTARY DISMISSAL**

Plaintiffs-Appellees Tyndale House Publishers, Inc., and Mark. D. Taylor respond in opposition to the government Defendants-Appellants' motion for voluntary dismissal of this appeal. Fed. R. App. P. 42 prevents dismissal of this appeal absent Plaintiffs-Appellees' consent or a court order. Plaintiffs-Appellees respectfully ask the Court to consider the following points in its decision.

Plaintiffs-Appellees take the somewhat extraordinary position of opposing voluntary dismissal of this appeal due to the prejudice that would result to them and the unique nature of this national litigation controversy. By the government's

1

admission, this Court is already set to resolve the central questions in *Tyndale House Publishers* when it considers *Gilardi v. Sebelius*, No. 13-5069 (D.C. Cir), in which the government is *not* consenting to a preliminary injunction. Thus the government wants this Court to resolve the central legal questions posed here, but without having to face the disturbing legal implications of the government's views, and without Tyndale House Publishers being able to represent its interest in those questions. In the dozens of cases against this same Affordable Care Act Mandate across the nation, the government is contending that no entity operating for profit is even capable of exercising religion, and no government requirement on their health insurance plan can be considered a substantial burden. The District Court in *Tyndale House Publishers* showed the government's view to be absurdly incorrect, because under that view not even a Bible publisher could exercise religion, and a Bible publisher's beliefs would not be substantially burdened when it is forced to provide items that violate the Bible's teachings. The government motion here essentially seeks to decide these issues against Tyndale House Publishers through the vehicle of *Gilardi*, without having to confront the extreme nature of the government's legal position as shown by Tyndale House itself. The circumstances of Tyndale House Publishers are therefore grounds to continue this appeal, not to dismiss it.[1]

---

[1] In its motion the government also points to the District Court's decision not to

Judicial efficiency counsels in favor of this Court hearing both appeals together. The government is litigating its position against religious free exercise in business in multiple cases in the Third, Sixth, Seventh, Eighth, and Tenth Circuits, as well as this one. Several of those circuits are hearing multiple cases together, as here; the Tenth Circuit has taken the extraordinary step to hear the issues *en banc* in the first instance. Already three circuits have granted injunctions pending appeal, while three have denied such motions.[2] The plaintiff entities throughout these cases engage in religion in a variety of ways.

Thus the Courts of Appeals are beginning what is in effect a national conversation on how to resolve extremely significant and impactful issues about who can exercise religion and when, and how much the government can impose upon those beliefs. This Court will be best able to weigh in on that conversation by having the breadth of issues before it in one hearing, including plaintiffs such as Tyndale House Publishers that present religious circumstances different than some

---

resolve the question of whether Tyndale House Publishers is a "religious corporation" under Title VII of the Civil Rights Act. This cannot be a reason to dismiss this appeal, because this case has nothing to do with Title VII and has no Title VII claim. The District Court will never have cause to resolve that question.

[2] Compare *Gilardi*; *Korte v. Sebelius*, No. 12-3841, 2012 WL 6757353 (7th Cir. Dec. 28, 2012); and *O'Brien v. U.S. Dep't of Health & Human Servs.*, No. 12-3357 (8th Cir. Nov. 28, 2012) (injunctions pending appeal); with *Hobby Lobby Stores, Inc. v. Sebelius*, No. 12-6294 (10th Cir. Dec. 20, 2012); *Autocam Corp. v. Sebelius*, No. 12-2673 (6th Cir. Dec. 28, 2012); *Conestoga Wood Specialties Corp. v. Sebelius*, No. 13-1144 (3d Cir. Feb. 7, 2013) (denials of motions for injunction pending appeal).

3

other plaintiffs such as in *Gilardi*, but that still fall under the government's radical exclusion of any religious exercise in business.

If the government actually wants to remove Tyndale House Publishers from the implications of its legal position, it could (and has the power to) give the Publishers a total exemption from the Affordable Care Act Mandate being challenged here. But it refuses to do so. Instead the government wishes to continue that Mandate against Tyndale House Publishers, while removing it from this Court's consideration of the government's legal posture. Moreover, this and similar cases are primarily legal in nature; they do not benefit from further factual development such as would be needed in discovery at the District Court.

In these circumstances, Plaintiffs-Appellees respectfully request that this appeal not be dismissed, so that they will remain to litigate the central questions the government insists on imposing against Tyndale House before this Court.

Respectfully submitted this 25th day of April, 2013.

|  |  |
|---|---|
| David A. Cortman, Esq.<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Road NE<br>Suite D-1100<br>Lawrenceville, GA 30043<br>(770) 339-0774<br>(770) 339-6744 (facsimile)<br>dcortman@alliancedefendingfreedom.org | *s/ Matthew S. Bowman*<br>Steven H. Aden, Esq.<br>Gregory S. Baylor, Esq.<br>Matthew S. Bowman, Esq.<br>ALLIANCE DEFENDING FREEDOM<br>801 G Street, NW, Suite 509<br>Washington, DC 20001<br>(202) 393-8690<br>(202) 237-3622 (facsimile)<br>saden@alliancedefendingfreedom.org |

Erik W. Stanley, Esq.
ALLIANCE DEFENDING FREEDOM
15192 Rosewood
Leawood, KS 66224
(913) 685-8000
(913) 685-8001 (facsimile)
ktheriot@alliancedefendingfreedom.org
estanley@alliancedefendingfreedom.org

gbaylor@alliancedefendingfreedom.org
mbowman@alliancedefendingfreedom.org

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

This document was served on counsel for all parties pursuant to the rules of this Court by filing it in the Court's CM/ECF system on April 25, 2013.

    *s/ Matthew S. Bowman*
    Matthew S. Bowman